# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 18, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| PATRICIA SANTIAGO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1562V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

Laura Levenberg, Muller Brazil PA, Dresher, PA, for Petitioner.
Neil Bhargava, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On July 9, 2021, Patricia Santiago ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered idiopathic thrombocytopenia purpura ("ITP") as a result of an influenza ("flu") vaccine she received on October 16, 2019. Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On April 22, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case. Petitioner's Application for Interim Attorney's Fees and Costs ("Pet. App."), filed Apr. 22, 2024 (ECF No. 53). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $29,958.10
**Attorneys' Costs** – $58,811.48

Petitioner thus requests a total of $88,769.58. Respondent filed his response on May 29, 2024, stating that he "defers to the [S]pecial [M]aster to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 29, 2024, at 2 (ECF No. 57). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $81,098.66 in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

   A.   Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

2

special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Laura Levenberg, $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024; for Mr. Max Muller, $400.00 per hour for work performed in 2022; and for Ms. Leigh Finfer, $275.00 per hour for work performed in 2023. Petitioner also requests rates between $125.00 and $177.00 per hour for work of their counsel's paralegals performed between 2020 and 2024.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. See, e.g., Guilliod v. Sec'y of Health & Hum. Servs., No. 21-2299V, 2024 WL 4930736, at *2 (Fed. Cl. Spec. Mstr. Nov. 5, 2024); Askins v. Sec'y of Health & Hum. Servs., No. 21-1907V, 2024 WL 4930691, at *2 (Fed. Cl. Spec. Mstr. Nov. 5, 2024); Watts v. Sec'y of Health & Hum. Servs., No. 21-2223V, 2024 WL 4930406, at *1 (Fed. Cl. Spec. Mstr. Nov. 6, 2024). Thus, the undersigned will award the rates requested.

### ii. Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a small reduction necessary.

Mr. Erik Pavlacsek and Ms. Tereza Pavlacsek billed for e-filing documents 19 times, for a total of $381.40.[3] See Pet. App. at 7-17. Mr. Pavlacsek and Ms. Pavlacsek also billed 9 times, for a total of $2,248.40, for preparing exhibits for filing.[4] See id. Additionally, Ms. Levenberg and Ms. Finfer billed $207.50[5] for "[d]irect[ing] paralegal" to file documents. See id.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). This is not a new issue to the Muller Brazil firm. See, e.g., Goodwin v. Sec'y of Health & Hum. Servs., No. 16-1676V, 2022 WL 6616738, at *5 (Fed. Cl. Spec. Mstr. Sept. 13, 2022); Crawford v. Sec'y of Health & Hum. Servs., No. 17-398V, 2022 WL 17849062, at *2 (Fed. Cl. Spec. Mstr. Dec. 22, 2022); Pavlicek v. Sec'y of Health & Hum. Servs., No. 19-1573V, 2022 WL 4115663, at *2 (Fed. Cl. Spec. Mstr. Aug. 12, 2022). Additionally, the undersigned has warned counsel numerous times against billing for noncompensable administrative tasks. See, e.g., Le v. Sec'y of Health & Hum. Servs., No. 16-1078V, 2023 WL 2054467, at *3 (Fed. Cl. Spec. Mstr. Feb. 17, 2023); Guilliod, 2024 WL 4930736, at *2; Askins, 2024 WL 4930691, at *2; Watts, 2024 WL 4930406, at *1. As such, the undersigned will reduce Petitioner's fees request by $2,837.30.

The undersigned also cautions counsel, as the undersigned and other special masters have previously done, against numerous individuals billing for time spent reviewing the same documents. See, e.g., Crawford, 2022 WL 17849062, at *2; Le, 2023 WL 2054467, at *3. For example, after the case was filed, Mr. Pavlacsek and Ms. Levenberg both billed for "review" or "memo to file" for the activation order, reassignment orders, scheduling order, and notice of appearance from Respondent. Pet. Mot. at 7. Then, both Mr. Pavlacsek and Ms. Levenberg

---

[3] These entries are dated July 9, 2021 ($25.00), July 13, 2021 ($16.00 and $16.00), April 4, 2022 ($16.00), May 6, 2022 ($16.00), July 25, 2022 ($16.00), September 8, 2022 ($32.00), September 13, 2022 ($16.00), December 1, 2022 ($16.00), February 16, 2023 ($17.70), April 13, 2023 ($17.70), April 28, 2023 ($35.40), May 9, 2023 ($17.70), May 31, 2023 ($17.70), October 10, 2023 ($17.70), December 28, 2023 ($17.70), March 21, 2024 ($17.70), March 26, 2024 ($17.70), and April 4, 2024 ($35.40).

[4] These entries are dated July 9, 2021 ($125.00), April 4, 2022 ($48.00), September 8, 2022 ($480.00), September 13, 2022 ($144.00), April 28, 2023 ($831.90), May 9, 2023 ($35.40), March 21, 2024 ($53.10), March 26, 2024 ($35.40), and April 4, 2024 ($495.60).

[5] These entries are dated April 4, 2022 ($35.00), May 6, 2022 ($35.00), July 25, 2022 ($35.00), February 16, 2023 ($37.50), April 13, 2023 ($37.50), and October 10, 2023 ($27.50).

billed for "review" or "memo to file" for the notice regarding the statutory requirement and scheduling order following the Rule 4(c) report in March 2022. Id. at 7-8. This duplicative billing practice has continued throughout litigation. See, e.g., id. at 16 (duplicative billing entries from Mr. Pavlacsek and Ms. Levenberg on March 25, 2024 for reviewing the prehearing order). Id. at 16. Given the amount of duplicative entries, the undersigned finds a further reduction of 3% reasonable and appropriate. See Le, 2023 WL 2054467, at *3 (reducing fees by 3% for the same issues). This results in a further reduction of $813.62.[6] Petitioner is therefore awarded a total of $26,307.18[7] in attorneys' fees.

### B. Attorneys' Costs

Petitioner requests a total of $58,811.48 in attorneys' costs. This amount is comprised of acquiring medical records, the filing fee, shipping costs, and for work performed by Petitioner's experts, Dr. Abhimanyu Ghose and Dr. Omid Akbari. The undersigned has reviewed the requested costs and finds them to be largely reasonable and supported with appropriate documentation.

Petitioner requests $13,700.00 for work performed by Dr. Ghose, which is 19 hours of work performed in 2022 at a rate of $550.00 and 5 hours of work performed in 2023 at a rate of $650.00 per hour. Pet. App. at 31-32. Other hematologists in the Vaccine Program have been awarded less than what is requested by Petitioner and Dr. Ghose. See Bryce v. Sec'y of Health & Hum. Servs., No. 17-1832V, 2023 WL 5666165, at *7 (Fed. Cl. Spec. Mstr. July 18, 2023) (awarding $400.00 per hour to hematologist with over 30 years of experience); Ferguson v. Sec'y of Health & Hum. Servs., No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022) (awarding $500.00 per hour to pediatric hematologist/oncologist with over 10 years of experience). An hourly rate of $650.00 may be considered high in the Vaccine Program, however, the undersigned finds the full requested amount of $13,700.00 to be reasonable. Thus, the undersigned determines $13,700.00 is a reasonable expert fee and will award it in full.[8]

Petitioner also requests $44,220.00 for work performed by immunologist Dr. Akbari at a rate of $550.00 per hour. Pet. App. at 33-36. However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, and instead compensating him at $500.00 per hour. See, e.g., Carroll ex rel.

---

[6] $29,958.10 - $2,837.30 = $27,120.80. $27,120.80 x 0.03 = $813.624. The undersigned will round down to $813.62.

[7] $29,958.10 - $2,837.30 - $813.62 = $26,307.18.

[8] The undersigned does not make any finding regarding the reasonableness of Dr. Ghose's rate at this time.

J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020). Petitioner provided no evidence to support a higher rate of $550.00. As such, the undersigned finds that $500.00 per hour, as has been consistently awarded to Dr. Akbari, to be an appropriate hourly rate.[9] This results in a reduction of $4,020.00.[10]

In this case, Dr. Akbari provided two expert reports, both 21 pages. For his first expert report, filed in April 2023, he billed 45 hours, totaling $24,750.00. For his second report, filed in September 2024, he billed 35.4 hours, for a total of $19,470.00. The undersigned finds this amount of time to likely be excessive for a case that has not gone to hearing yet.

Other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%. See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023) (finding Dr. Akbarr's billing of 164.20 hours to constitute "an excessive amount of time for a case that did not go to hearing . . . [and] caution[ing] Dr. Akbari and counsel to endeavor to employ better billing practices in the future"); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity"). Other special masters have cautioned Dr. Akbari against excessive billing and encouraged him to "endeavor to reduce the number of hours billed henceforth." Bristow, 2022 WL 17821111, at *5 (finding that Dr. Akbari spent an "unusually large expenditure of time for a case that has not yet had a hearing"); see also Romero v. Sec'y of Health & Hum. Servs., No. 18-1625V, 2023 WL 2598014, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 22, 2023) (finding that Dr. Akbari's billing of 109 hours to prepare two reports constituted a "large expenditure of time for a flu/GBS case that has not yet gone to hearing").

It is difficult to evaluate Dr. Akbari's reports and billing practice before the case has proceeded to hearing. However, the undersigned finds a preliminary impression of excessive billing, especially in comparison to Petitioner's other expert. The undersigned does not reduce Dr. Akbari's billed hours for excessiveness here but reserves the right to do so on final fees.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

---

[9] The undersigned previously expressed interest in reconsidering Dr. Akbari's rate in the future, but will not do so here given the excessive time spent on this case before the case has proceeding to hearing. See Carroll, 2023 WL 2771034, at *6 n.18.

[10] 80.4 hours x ($550.00 - $500.00) = $4,020.00.

6

| | |
|---|---|
| Attorneys' Fees Requested | $29,958.10 |
| (Total Reduction from Billing Hours) | -$3,650.92 |
| **Total Attorneys' Fees Awarded** | **$26,307.18** |
| | |
| Attorneys' Costs Requested | $58,811.48 |
| (Reduction of Costs) | -$4,020.00 |
| **Total Attorneys' Costs Awarded** | **$54,791.48** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$81,098.66** |

**Accordingly, the undersigned awards $81,098.66 in interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Levenberg.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[11]

      **IT IS SO ORDERED.**

                                         **s/Nora Beth Dorsey**
                                         Nora Beth Dorsey
                                         Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.