# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: January 13, 2025

```
* * * * * * * * * * * * * * * *
PATRICIA SANTIAGO,              *       UNPUBLISHED
                                *
              Petitioner,       *       No. 21-1562V
                                *
v.                              *       Special Master Nora Beth Dorsey
                                *
SECRETARY OF HEALTH             *       Interim Attorneys' Fees and Costs; Motion
AND HUMAN SERVICES,             *       for Reconsideration.
                                *
              Respondent.       *
                                *
* * * * * * * * * * * * * * * *
```

Laura Levenberg, Muller Brazil PA, Dresher, PA, for Petitioner.
Neil Bhargava, United States Department of Justice, Washington, DC, for Respondent.

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On July 9, 2021, Patricia Santiago ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered idiopathic thrombocytopenia purpura ("ITP") as a result of an influenza ("flu") vaccine she received on October 16, 2019.  Petition at Preamble (ECF No. 1).

---

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On April 22, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case. Petitioner's Application for Interim Attorney's Fees and Costs ("Pet. App."), filed Apr. 22, 2024 (ECF No. 53). Respondent filed his response on May 29, 2024. Respondent's Response to Pet. App., filed May 29, 2024 (ECF No. 57). Petitioner did not file a reply. The undersigned issued a Decision on December 18, 2024, awarding Petitioner $81,098.66 in interim attorneys' fees and costs. Decision on Interim Attorneys' Fees and Costs dated Dec. 18, 2024 (ECF No. 64).

Petitioner filed a motion for reconsideration on December 27, 2024. Pet. Motion for Reconsideration ("Pet. Mot."), filed Dec. 27, 2024 (ECF No. 67). Petitioner's motion requests an adjustment to the costs awarded. Id. at 1. Specifically, Petitioner requests the undersigned award a higher rate of $550.00 per hour for work performed by their expert, Dr. Omid Akbari. Id. Petitioner argues that Dr. Akbari has significant prior experience in vaccine matters as an expert in immunology and a rate of $550.00 per hour "is commensurate with that expertise." Id. at 3-4. Additionally, Petitioner notes Dr. Akbari has been awarded this rate by other special masters. Id. at 4. Lastly, Petitioner cites cases where other experts have been awarded $550.00 per hour or higher for their work. Id. at 4-5.

Respondent filed a response on January 2, 2025. Respondent's Response to Pet. Mot., filed Jan. 2, 2025 (ECF No. 68). Respondent defers to the Special Master's judgment on Petitioner's motion for reconsideration. Id. at 1. Respondent notes the undersigned previously found $550.00 per hour is excessive for Dr. Akbari's work, as noted in her decision, and that she indicated she would not increase his rate here "given the excessive time spent on this case" prior to hearing. Id. Lastly, Respondent documents that Petitioner's motion for reconsideration did not address the undersigned's concerns of excessive billing by Dr. Akbari. Id.

Petitioner did not file a reply.

# I.    DISCUSSION

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision and provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). It is within the special master's discretion to decide what the "interest of justice" is in a given case. R.K. v. Sec'y of Health & Hum. Servs., No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011); Kerrigan v. Sec'y of Health & Hum. Servs., No. 16-270V, 2016 WL 7575240, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

The undersigned does not find the "interest of justice" warrants reconsideration of Dr. Akbari's rate for the reasons previously set forth in the Decision on interim attorneys' fees and costs.

To summarize, the undersigned noted she has previously found that $550.00 per hour is excessive for Dr. Akbari's work, and has instead compensated him at $500.00 per hour, consistent with other decisions from other special masters. See, e.g., Carroll ex rel. J.W. v. Sec'y

of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020); see also Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same).

Petitioner provided no evidence to support a higher rate of $550.00 in her interim fees and costs application, and here, Petitioner has only reiterated Dr. Akbari's accomplishments as seen on his CV, which is filed in this matter, and noted he has been granted this higher rate by other special masters.  Although other special masters may have awarded Dr. Akbari higher hourly rates, decisions by other special masters are not binding on the undersigned.  See Hanlon v. Sec'y of Health & Hum. Servs., 40 Fed. Cl. 625, 630 (1998), aff'd, 191 F.3d 1344 (Fed. Cir. 1999).

The undersigned also indicated that she has previously expressed interest in reconsidering Dr. Akbari's rate in the future, but chose not to do so here given the excessive time spent on this case before the case has proceeding to hearing.  See Carroll, 2023 WL 2771034, at *6 n.18.  The undersigned will reconsider Dr. Akbari's rate in Petitioner's final fees and costs application following adjudication of this case.

Lastly, the undersigned noted other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%.  See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023) (finding Dr. Akbari's billing of 164.20 hours to constitute "an excessive amount of time for a case that did not go to hearing . . . [and] caution[ing] Dr. Akbari and counsel to endeavor to employ better billing practices in the future"); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity").  While others, including the undersigned, have cautioned Dr. Akbari against excessive billing and encouraged him to "endeavor to reduce the number of hours billed henceforth."  Bristow, 2022 WL 17821111, at *5 (finding that Dr. Akbari spent an "unusually large expenditure of time for a case that has not yet had a hearing"); see also Romero v. Sec'y of Health & Hum. Servs., No. 18-1625V, 2023 WL 2598014, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 22, 2023) (finding that Dr. Akbari's billing of 109 hours to prepare two reports constituted a "large expenditure of time for a flu/GBS case that has not yet gone to hearing").

As the undersigned previously explained, she preliminarily found Dr. Akbari's billing here excessive, especially in comparison to Petitioner's other expert.  However, the undersigned did not reduce Dr. Akbari's billed hours for excessiveness and reserved the right to do so on final fees.

II.    **CONCLUSION**

Accordingly, for the reasons stated above, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master